Sonny **FUNGCHENPEN**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. A–9892.

Court of Appeals of Alaska.

April 18, 2008.

Renee McFarland, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Sonny Fungchenpen was convicted of second-degree assault for attacking and wounding a man in a bar with a beer bottle. In this appeal, Fungchenpen argues that he is entitled to credit against his sentence for the 200 days he spent on bail release before his sentencing.

As a condition of release, Fungchenpen was required to submit to electronic monitoring. Fungchenpen was also required to be in the immediate presence of a third-party custodian (his wife) for twenty-four hours a day, except when he was at work (or when he was traveling to and from work). In addition, Fungchenpen was ordered not to consume alcohol, not to possess firearms, and to have no personal contact with the victim and witnesses in this case. [Exc. 1–7].

Based on this Court's decision in *Matthew v. State*, 152 P.3d 469 (Alaska App.2007), the superior court denied Fungchenpen's request for credit against his sentence. Fungchenpen now appeals the superior court's decision.

Fungchenpen first argues that our decision in *Matthew* should not control his case; he asserts that his conditions of release were substantially more restrictive than the conditions of release that we addressed in *Matthew*. In the alternative, Fungchenpen asks us to reconsider and overrule *Matthew*.

We do not view Fungchenpen's conditions of release as materially different from the conditions of release that we addressed in *Matthew* and in our subsequent decisions on this issue—*Ackerman v. State*, 179 P.3d 951 (Alaska App.2008); *McNeil v. State*, Alaska App. Memorandum Opinion No. 5216 (May 9, 2007), 2007 WL 1378151; and *Finkel v. State*, Alaska App. Memorandum Opinion No. 5186 (March 7, 2007), 2007 WL 706637. Accordingly, we conclude that our decision in *Matthew* governs Fungchenpen's case.

In *Ackerman*, we considered various arguments as to why we should overrule *Matthew*, and we rejected them. Fungchenpen raises one additional argument that we have not previously addressed.

Fungchenpen notes that, after we announced our decision in *Matthew* (February 2, 2007), the Alaska Legislature enacted a law that expressly prohibits defendants from receiving credit against their sentences for time spent on pre-trial or pre-sentencing release under electronic monitoring. See AS 12.55.027(d) (enacted by SLA 2007, ch. 24, § 20, effective July 1, 2007[1]), which reads: "A court may not grant credit against a sentence of imprisonment for time spent in a private residence or under electronic monitoring." Based on the legislature's enactment of this statute, Fungchenpen argues that the legislature must have thought that the law was otherwise before the enactment of the statute.

We do not agree. The legislative history of AS 12.55.027(d) suggests that the legislature's purpose was to confirm its understanding of pre-existing law in the face of several superior court decisions (decisions issued before this Court decided *Matthew*) that grant- ed defendants credit against their sentences for time spent on electronic monitoring.

Of particular relevance are the minutes of the House Judiciary Committee for the afternoon of April 10, 2007, when the Committee considered House Bill 90 (25th Legislature)—the bill that was eventually enacted as SLA 2007, ch. 24. During the Committee's discussion of this bill, Assistant Attorney General Anne Carpeneti answered a question from Representative Lindsey Holmes regarding Section 6, the provision on electronic monitoring:

> Representative Holmes referred to ... proposed AS 12.55.027(d), [the provision dealing with] "credit against a sentence of imprisonment for time spent ... under electronic monitoring".... She asked whether anyone is currently being given credit for time served under electronic monitoring.
>
> Ms. Carpeneti said that that issue was recently litigated in the Alaska Court of Appeals case [of] *Matthew v. State*; the court ruled that a person's time under electronic monitoring should not qualify for credit against a sentence of imprisonment. She [understood] that there have been some cases in which credit has been awarded for time spent in a private residence. The [Department of Law] wanted to clarify that point, and so brought forth the language in proposed subsection (d).

Minutes of the House Judiciary Committee for April 10, 2007 @ 1:33 p.m.[2]

In sum, we have considered Fungchenpen's arguments as to why *Matthew* was wrongly decided, and we reject them. We again confirm the decision we reached in *Matthew*.

The decision of the superior court is AFFIRMED.

---

1. For the effective date of this provision, see SLA 2007, ch. 24, § 39.

2. Available at:

http://www.legis.state.ak.us/basis/get_single_minute.asp?session=25&beg_line=00297&end_line=01123&time=1302&date=20070410&comm=JUD%20%20%20%20%20%20%20%20&house=H.